273 So.2d 602 (1973)
MILLERS CASUALTY INSURANCE COMPANY OF TEXAS
v.
CYPRESS INSURANCE AGENCY, INC.
No. 9190.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
Donald S. Zuber (Seale, Smith & Phelps), Baton Rouge, for appellant.
Wm. H. Cooper, Jr. (Franklin, Moore, Beychok & Cooper), Baton Rouge, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
TUCKER, Judge.
Plaintiff insurance company sued its authorized agent for losses in the amount of Seven Thousand One Hundred Sixty and No/100 ($7,160.00) Dollars allegedly sustained by it due to its agent's alleged lack *603 of authority in issuing what purported to be a binder to Murlin D. Willie d/b/a Murlin D. Willie Contractor. Judgment was granted in the trial court in favor of plaintiff for losses as requested, together with legal interest and all costs. Defendant Cypress Insurance Company has appealed, asserting that it did act within its authority in issuing a binder upon Murlin D. Willie, and that, in any event, plaintiff Millers Insurance Company ratified its agent's acts and cannot now disclaim them.
A contractual relationship existed at all times pertinent between plaintiff insurance company and defendant insurance agency. A chronological list of events relative to this suit which transpired between them is given below:
August 26, 1969 Defendant Cypress sought to
 have Murlin D. Willie, d/b/a
 Murlin Willie Contractor endorsed
 as an additional insured
 under a policy of insurance for
 workmen's compensation which
 had been issued previously to
 Leo N. Willie and Associates,
 Inc.
August 29, 1969 Plaintiff Millers wrote to its
 agent Cypress advising it that
 this was not permissible under
 its workmen's compensation policy
 inasmuch as Murlin D. Willie
 was a separate entity, not owned
 as much as 50% by the insured.
September 17, 1969 The agent Cypress requested a
 workmen's compensation policy
 for Murlin D. Willie, d/b/a Murlin
 Willie Contractor, with an
 inception date of September 17,
 1969.
September 24, 1969 Plaintiff Millers wrote to its
 agent Cypress stating that the
 risk provided by Murlin Willie
 Contractor did not appear to be
 within acceptable hazards and
 requesting additional information.
October 2, 1969 The agency Cypress furnished information
 showing Murlin D. Willie
 Contractor to be within acceptable
 risk standards and stating
 that the prerequisites required
 by plaintiff's underwriting
 department had been complied
 with.
In the meantime, and after the September 17 application, defendant Cypress had received a notice of what would normally be a compensable loss by Murlin Willie Contractor, which loss occurred on September 6, 1969.
October 12, 1969 The agent Cypress requested a
 back-dating of the policy covering
 Murlin Willie Contractor
 to August 26, 1969, in order to
 cover the period of the loss on
 September 6, 1969, which the
 agent estimated at that time to
 be a Forty-six ($46.00) medical
 bill.
October 22, 1969 Plaintiff Millers denied agent Cypress
 the right to back-date the
 policy covering Murlin Willie to
 August 26, 1969.
November 4, 1969 Agent Cypress again requested a
 back-dated coverage for Murlin
 Willie, stating that it felt that
 binding coverage had been effected
 as of that date.
November 13, 1969 Plaintiff Millers again denied
 coverage and denied that a
 binder had been issued. Plaintiff
 insurance company offered
 to cancel the policy, however.
December 16, 1969 An actual third party loss insofar
 as the workmen's compensation
 claimant was concerned
 had been determined by the insurance
 company, and the agent
 Cypress was advised by letter
 from its attorney that it was
 responsible for the loss and that
 a claim would be made against
 it for the loss.
December 17, 1969 The agent Cypress was advised
 by insurance company Millers
 that it would handle the claim
 in order not to jeopardize the
 rights of the injured employee,
 and a compromise was negotiated
 through attorneys wherein a
 settlement of $7,160.00 was
 paid the employee.
Plaintiff Millers Insurance Company does not question the authority of its agent Cypress to bind it on workmen's compensation risks, but it does question the addition of Murlin Willie Contractor as an additional insured on the Leo Willie and Associates' policy when a majority interest of Murlin Willie was not already owned by Leo Willie, contrary to the Experience Rating Plan Manual published by the Insurance Service Office. The provision which would have been violated is on page 4 of the Manual, as follows:
"9. Combination of Entities.
a. Two or more entities shall not be combined for rating purposes; *604 provided, however, that combination shall be made as respects entities in each of which the same person, or group of persons, or corporation owns a majority interest................In the term `majority' as used in this rule, `majority' shall mean more than 50%."
To have simply added Murlin Willie as first requested would not have been a means by which coverage could be effected. Even Mr. Ramon Jarrell, President of Cypress Agency, admitted that it was an improper method under the circumstances. The fact that the Agency did not consider Murlin Willie covered by the August 26 request is further corroborated by the second request for coverage made by Cypress on September 17, in which it requested coverage for Murlin Willie as a separate entity.
Evidence is abundant to indicate that Millers Insurance Company did not provide coverage for Murlin Willie until September 17, but a memorandum of October 10, 1969, signed by the Cypress agent, R. E. McNeil, is especially revealing. He wrote to Miss Maggie Struempler, an underwriter with the Millers Insurance Company, as follows:
"Maggie, I believe I have goofed on this one. As you can see from the attached, Berniece (sic) had originally asked for coverage on 8-26-69, and you answered her letter. Ramon then contacted Murlin Willie again, and his information resulted in my application. Unfortunately, I didn't know that he had originally requested the coverage on 8-26, and made my application effective the day I filled out the app (9-17). As always happens in a case like this, there was a loss on 9-6-69 for $46 Medical. Maggie, it was really our intent to cover him from 8-26-69, and it was my error that muddied the water. If permissiable (sic), we would like to make the coverage effective 8-26-69,[1] however if you do not feel this would be in order, please let us know. I hate to have to ask for this, but unfortunately there were just too many cooks for the stew on this one."
Even if coverage for Murlin Willie had been acceptable according to the insurance standards followed, the only way in which he could have been held to have been covered on September 6, would have been by `back-dating' the policy. According to the manual issued to its agents by Millers Insurance Company, "back-dating" of coverage is not authorized (Manual, page 1.2, last sentence of second paragraph). The fact that Millers Insurance Company did, subsequent to the request by Cypress for coverage of Murlin Willie, permit "backdating" by some of its agents cannot serve to provide precedent or implied authority to Cypress to act contrary to the written instructions provided by Millers to its agents. It might be noted that, in the instances of "back-dating" offered in evidence by Cypress, the policies "back-dated" appeared regular on their faces, needing only clarification, whereas the Murlin Willie policy could not be written as first requested.
Insurance premiums were calculated from September 17, the date Cypress later requested as the inception date for its policy covering Murlin Willie, and no premiums were ever collected for a period of time prior to September 17. In view of all the evidence presented and alluded to herein we agree with the trial court that Murlin Willie was not covered by a workmen's compensation insurance policy prior to September 17, which we hold to be the inception date of the policy. In purporting to cover Murlin Willie Contractor for a loss sustained by it on September 6, Cypress Agency clearly exceeded its authority and is responsible to Millers Insurance for *605 the amount it was forced to pay on this claim.
Millers Insurance Company cannot be said to have ratified the unauthorized acts of its agent by making payment, because it repudiated the act of its agent on four occasions before finally making payment in an effort to avoid complicated litigation and unnecessary hardship on the injured.
For the foregoing reasons the judgment of the trial court is affirmed. Appellant to pay all costs of this appeal.
Affirmed.
NOTES
[1] Mr. McNeil could hardly have intended to provide Murlin Willie coverage on August 26 for the simple reason that he had not yet begun operation, according to the testimony of Mr. Ramon Jarrell.