764 So.2d 1218 (2000)
Laura M. VICTORIAN, Albert Victorian, Ernest J. Victorian, James C. Victorian, Lois A. Victorian and Charles A. Victorian, Individually and on Behalf of the Estate of Geraldine Victorian
v.
AMERICAN DEPOSIT INSURANCE COMPANY, Esteban Rodriguez and James F. Kent.
Lance Brown
v.
American Deposit Insurance Company, Esteban Rodriguez and James F. Kent.
No. 99 CA 1571.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
Rehearing Denied August 29, 2000.
Kevin Patrick Monahan, Baton Rouge, Counsel for PlaintiffsLaura M. Victorian, et al.
Stephen C. Carleton, Baton Rouge, Counsel for PlaintiffLance Brown.
*1219 Albert D. Giraud, David I. Bordelon, Metairie, Counsel for DefendantAppelleeAmerican Deposit Insurance Company.
William Mitchell, Baton Rouge, Counsel for DefendantState Farm Mutual Automobile Insurance Company.
H. Evans Scobee, Baton Rouge, Counsel for Third Party DefendantsAppellants Phillip A. Dimattia, Jr. and Dimattia Agency and Associates.
Stephen A. Berniard, Jr., Lake Charles, Counsel for DefendantEsteban Rodriguez.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
FITZSIMMONS, J.
Third party defendants/appellants, Phillip A. Dimattia, Jr. and Dimattia Agency & Associates (Dimattia), appeal the grant of an amended partial summary judgment.[1] The Nineteenth Judicial District Court for the Parish of East Baton Rouge cast third party defendants in judgment for indemnification to defendant, American Deposit Insurance Company (ADIC), of any amounts that ADIC might be condemned in judgment to the plaintiffs on the original demand. This court affirms the partial summary judgment.
The thrust of Dimattia's appeal is based on the existence of the following contested issues of material fact: whether the agent had the insured's authority to sign her name to the insurance application; whether the insurer ratified the original application by renewing the insurance application on three separate occasions; and whether the insured had made material misrepresentations in the insurance application. It is additionally asserted that prior judicial rulings in this ongoing litigation prevent the granting of the partial summary judgment. Finally, it is argued that the trial court abused its discretion in refusing to amend the interlocutory partial summary judgment.[2]
We initially dispense with the arguments that the instant partial summary judgment is precluded by prior judicial rulings and that the trial court abused its discretion by refusing to amend the interlocutory judgment. The prior denials of two summary judgments, to which Dimattia refers, address the issue of ADIC's liability to the insureds under the policy, as opposed to any liability that Dimattia might owe to the insurer, ADIC. Therefore, the instant partial summary judgment is not precluded because it is independent of the prior summary judgments that were denied by the court. Nor has Dimattia presented a viable argument to demonstrate that the court abused its discretion by its refusal to amend the interlocutory partial judgment prior to its certification as a final and appealable judgment. Accordingly, those alleged errors are without merit. We now turn to the existence vel non of material issues of fact that would debilitate the partial summary judgment.
*1220 A motion for summary judgment is a procedural device used to avoid a fullscale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders, 96-1751, p. 7, 696 So.2d at 1035.
ADIC's partial summary judgment was premised on two alleged violations of the producer agreement between Dimattia and ADIC: 1) the failure of Dimattia to obtain the signature of Mr. or Mrs. Kent, the applicants for the insurance coverage; and 2) the failure of Dimattia to receive the premium before binding coverage.
The producer agreement submitted in support of the motion for summary judgment is dated May 1, 1997.[3] An affidavit by Pat Owens, underwriting supervisor of ADIC, stated that none of the producer agreements in effect at the time the Kents obtained coverage, on July 15, 1993, had been retained by ADIC. However, the affiant stated that the provisions of the particular producer agreement and Windsor Group Louisiana Auto Program guideline that was submitted into evidence "would have been mandatory and applicable to the Dimattia Agency at the time the policy in suit was allegedly bound[.]"
The producer agreement expressly provides for indemnification by Dimattia to ADIC, if the producer binds any risk without first receiving the appropriate down payment. In the course of the litigation, ADIC propounded requests for admissions to Dimattia. They were, thereafter, deemed admitted by the court due to Dimattia's failure to respond. Any matter deemed admitted pursuant to La. C.C.P. art. 1467 is considered conclusively established as fact for the purposes of the litigation, unless the court on motion permits withdrawal or amendment of the admission. La. C.C.P. art. 1468; Vardaman v. Baker Center, Inc., 96-2611, pp. 6-10 (La. App. 1st Cir.3/13/98), 711 So.2d 727, 731-734.
One of the deemed admissions states: "while it is indicated ... that $964.35 had been collected from the Kents in connection with said application for insurance, (Dimattia) had not actually received said amount from the Kents when [the American Deposit Insurance application] was filled out and signed."
Additionally, the Windsor Group Louisiana Auto Program guideline predicates the time of the binding of coverage on "the exact date and time the applicant signs the application." In the admissions of fact, the following facts were deemed admitted: an agent or another representative of Dimattia physically executed the signatures required of the insurance applicants on the application form; the applicants did not contact Dimattia in order to provide the information necessary to complete the insurance application; Dimattia did not contact the insureds for the purpose of completing the application; and, neither the insurer nor the insureds were informed that the application was not executed by an applicant at anytime prior to the automobile accident made the subject of this litigation.
The deemed admissions of fact undermine Dimattia's arguments on appeal of the existence of material issues vis-a-vis Dimattia's authority to sign the applicant's name on the application and whether *1221 ADIC ratified the original application. Moreover, Dimattia has presented no supporting documentation to substantiate the assertion that material issues of fact exist. The final issue raised on appeal relative to the existence of material misrepresentations in the application is immaterial to a resolution of this partial summary judgment.
The basic tenet is that an insurance agency may be liable to its underwriter/insurer for acts beyond the agency's authority. This is also true for non-compliant acts involving a material breach of the written procedures of the underwriter. Although factually dissimilar, the principle of an agent's liability to its insurer is discussed in Millers Casualty Insurance Company of Texas v. Cypress Insurance Agency, Inc., 273 So.2d 602 (La.App. 1st Cir.1973); see also Richard v. American Federation of Unions Local 102, 378 So.2d 564, 568 (La.App. 3rd Cir.1979). Dimattia's failure to properly obtain the premium payment and its lack of adherence to the requisite procedures for the execution of the insurance application constitute substantial derogations of the procurement contract.
Accordingly, this court affirms the amended partial summary judgment. Appellants, Phillip A. Dimattia, Jr. and Dimattia Agency & Associates, are obligated for indemnification to defendant, American Deposit Insurance Company, for any amounts that American Deposit Insurance Company might be condemned in judgment to pay to the plaintiffs on the original demand. Costs of this appeal are to be borne by appellants.
AFFIRMED.
NOTES
[1] Petitioners, Laura M. Victorian, Albert Victorian, Ernest J. Victorian, Lois A Victorian, James C. Victorian and Charles A. Victorian, individually and on behalf of the estate of Geraldine Victorian, filed a petition against American Deposit Insurance Company, Esteban Rodriguez and James F. Kent. The petition sought damages involving a motor vehicle accident on November 19, 1994. It was consolidated with another petition involving the same motor vehicle accident that had been filed by Lance Brown against the same defendants and State Farm Mutual Automobile Insurance Company. (James Kent was subsequently dismissed.)

In its grant of partial summary judgment, the district court expressly determined that there was no just reason for delay, and it designated the partial summary judgment as a final and appealable judgment pursuant to La. C.C.P. art. 1915.
[2] Dimattia failed to set forth a specification or assignment of alleged errors. The contested topics for appellate review are derived from appellants' issues presented for review. See Louisiana Rules of Court, Uniform Rules Courts of Appeal, Rule 2-12.4.
[3] The producer agreement submitted as supporting documentation was executed between Dimattia Agency & Associates and Windsor Group. ADIC was one of the insurance service companies under the collective entity called Windsor Group.