768 So.2d 238 (2000)
A.J. WALSTON, surviving spouse of Patrice Walston
v.
LAKEVIEW REGIONAL MEDICAL CENTER, Dr. Randall Juleff, Dr. Gregory Groglio, and Sherry Foy.
No. 99-CA-1920.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*239 Lawrence D. Wiedemann, New Orleans, for Plaintiff/Appellant; A.J. Walston.
Mary K. Peyton and Aldric C. Poirier, Jr., Metairie, for Defendant/Appellee; Lakeview Regional Medical Center.
Before: LeBLANC and KUHN, JJ., and GRANT,[1] J. Pro Tem.
GRANT, J. Pro Tem.
This is an appeal by the plaintiff, A.J. Walston, from the trial court's grant of summary judgment, dated March 15, 1999, in favor of defendant, Lakeview Regional Medical Center (Lakeview Regional). The March 15, 1999 judgment was made final under Louisiana Code of Civil Procedure article 1915.

FACTS AND PROCEDURAL HISTORY
On January 5, 1996, Patrice Walston, the late wife of plaintiff, A.J. Walston, was transferred to Lakeview Regional Medical Center for treatment of coronary problems. A catherization revealed that immediate surgery was necessary to repair an aortic aneurysm. The surgery was performed by defendant, Dr. Randall Juleff, a cardiac surgeon. Assisting were co-defendants, Dr. Gregory Groglio and Sherry Foy, a surgical technician. Before and after this first surgery, accurate sponge counts by the surgical support staff were made, and there were no missing sponges. At the conclusion of the first surgery, but before Mrs. Walston was removed from the operating room, Dr. Juleff noticed a drop in Ms. Walston's blood pressure indicative of excessive internal bleeding. A second surgery was performed to halt the blood loss. Prior to the second surgery, a sponge count was not made, but at the conclusion of the second surgery, Lakeview Regional's nursing staff advised Dr. Juleff that a surgical sponge was missing. After efforts were made to locate the sponge, Dr. Juleff made the decision to close the incision and end the surgery. *240 After Ms. Walston was removed from the operating room, a chest x-ray was performed and revealed the missing surgical sponge. Hours later on January 6, 1996, a third surgery was performed to remove the sponge. Mrs. Walston died about two weeks later.
A Medical Review Panel Opinion was rendered on April 7, 1997, which found no negligence on the part of Lakeview Regional or the assisting cardiologists. The Panel did find that Dr. Juleff breached the standard of care by removing Mrs. Walston from the operating room before getting an x-ray to locate the missing sponge. However, the Panel did not find that the breach contributed to Mrs. Walston's morbidity or mortality. In addition, the medical review panel found no violation of the standard of care by Lakeview Regional.
Plaintiff, A.J. Walston, filed an action against the cardiac surgeons and Lakeview Regional[2] in which plaintiff alleged the applicability of res ipsa loquitor to prove that the negligence of the defendants resulted in Mrs. Walton's pain, suffering, mental anguish and fear of death prior to her death, as well as her wrongful death. Plaintiff also sought damages for his own mental anguish under Louisiana Civil Code article 2315.6. Lakeview Regional, employer of nursing staff only, moved for summary judgment on the grounds that plaintiff failed to state a cause of action against it and because plaintiff failed to obtain a medical expert that would testify as to the applicable standard of care and whether it was breached. Plaintiff opposed the motion arguing that no medical expert is necessary because the doctrine of res ipsa loquitor is applicable. After a hearing was held on January 11, 1999, the trial court ruled that the plaintiff had 60 days to obtain a medical expert to address the issues of causation, the standard of care and breach thereof. Because plaintiff failed to identify any expert, the court entered a final judgment on March 15, 1999 dismissing all of plaintiff's claims against Lakeview Regional. From this judgment plaintiff now appeals.

DISCUSSION
An appellate court's review of a summary judgment is a de novo review based upon the evidence presented at the trial court level and using the same criteria used by the trial court in deciding whether a summary judgment should be granted. J. Ray McDermott, Inc. v. Morrison, 96-2337 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. See Minor v. Casualty Reciprocal Exchange, 96-2096 (La.App. 1 Cir. 9/19/97), 700 So.2d 951, writ denied, 97-2585 (La.12/19/97), 706 So.2d 463.
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038 (La.App. 1 Cir. *241 9/25/98), 722 So.2d 1, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
The applicable substantive law determines the materiality of facts in a summary judgment setting. See Colver v. Travelers Ins. Companies, 95-1696 (La. App. 1 Cir. 11/8/96), 685 So.2d 179, writ denied, 96-2928 (La.2/21/97), 688 So.2d 516. Medical malpractice has been defined by LSA-R.S. 40:1299.41(A)(8) as:
[A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.
Revised Statute 9:2794(A) sets forth the burden of proof imposed upon the plaintiff in establishing his malpractice claim. The plaintiff must prove by a preponderance of the evidence:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
Thus, to prevail in a medical malpractice case, the plaintiff must establish the standard of care applicable to the charged health care provider, a violation by the health care provider of that standard of care, and a causal connection between the health care provider's alleged negligence and the plaintiff's injuries resulting therefrom. LSA-R.S. 9:2794(A). Generally, a plaintiff must introduce an expert witness to testify with regard to a violation of the standard of care unless the "defendant/physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts." Pfiffner v. Correa, 94-0924, 94-0963, and 94-0992, p. 8 (La.10/17/94), 643 So.2d 1228, 1230.

ASSIGNMENT OF ERROR # 1
In his first assignment of error, the plaintiff urges that the trial court erred by granting summary judgment in favor of Lakeview Regional because of plaintiff's failure to obtain a medical expert to establish the applicable standard of care, breach thereof and causal connection between alleged negligence and injury. Plaintiff argues that summary judgment was inappropriate because the instant case involves one of the situations, recognized under Louisiana jurisprudence, in which res ipsa loquitor is applicable.
In support of its motion for summary judgment, Lakeview Regional presented the medical review panel opinion finding no negligence by Lakeview Regional. Thus, the documentation submitted by Lakeview Regional satisfied its burden of pointing out an absence of factual support for one of the elements of plaintiff's claim, a violation by the health care provider of the standard of care. To defeat defendant's *242 motion for summary judgment, Walston must set forth specific facts showing that there is a genuine issue for trial. Walston stated he did not plan to present any expert testimony regarding Lakeview's negligence, invoking the exception of res ipsa loquitor and arguing that expert testimony is not required because the facts speak for themselves.
Res ipsa loquitor is an evidentiary doctrine that requires a defendant to exculpate himself from an inference of negligence. Cherry v. Herques, 623 So.2d 131 (La.App. 1 Cir.1993). It applies when: the accident would not normally occur in the absence of negligence, there exists an absence of direct evidence to explain the activities leading to the injury, and the accident or injury was caused by an agency or instrumentality within the actual or constructive control of the defendant. Id.
Pfiffner v. Correa, 94-0924, 94-0963, and 94-0992 (La.10/17/94), 643 So.2d 1228, the Louisiana Supreme Court recognized that expert testimony is not always necessary to meet the plaintiff's burden of proving breach of the applicable standard of care. The Supreme Court stated that:
[T]here are situations in which expert testimony is not necessary. Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence.
Pfiffner v. Correa, 94-0924 at p. 9, 643 So.2d at 1233. (citation omitted.) However, plaintiff does not allege the leaving of a sponge in the patient's body as the act of negligence, but rather he asserts as negligence the performance of an erroneous sponge count by the nursing staff.
As noted in Pfiffner, 643 So.2d at 1233-34, while expert testimony is not required where the physician does an "obviously careless act," in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proof without medical experts. In this matter, complicated medical considerations, concerning whether appropriate procedures were utilized by the surgical support staff given the emergency situation that Ms. Walston's condition presented, do not involve negligence so obvious that it could be inferred. Given the complexity of the issues before the court, expert testimony was necessary.
Although Ms. Walston was under the exclusive control of the defendants while she underwent the successive surgical procedures, this is not a case where the plaintiff for lack of knowledge of the facts cannot allege what specific acts of the defendants were negligent. Plaintiff has alleged a specific act of negligence by Lakeview Regional, i.e. the failure of its nursing staff to count sponges properly. There is a body of direct evidence, through medical records and witness testimony as to the performance of sponge counts by the nursing staff. The application of res ipsa loquitor is not proper. To meet his burden of proving a breach of the standard of care by Lakeview Regional, Walston must introduce expert testimony. Plaintiff's failure to identify any expert made the granting of summary judgment appropriate. This assignment is without merit.

ASSIGNMENT OF ERROR # 2
In his second assignment of error, plaintiff asserts that the trial court erred in dismissing his claim for Lejeune damages. See Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). We note that plaintiff did not address this issue to the trial court either in his brief in opposition to Lakeview Regional's motion for summary judgment or at oral argument.
The general rule is that appellate courts will not consider issues raised for the first time on appeal. See, e.g., Fried v. Bradley, 219 La. 59, 52 So.2d 247 (1950), *243 and cases cited therein. Because there has not been a substantive change in the applicable law since the trial court's decision, we decline to address this issue for the first time on appeal. See Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714. All costs of this appeal are assessed against plaintiff.
AFFIRMED.
KUHN, J., concurs and assigns reasons.
KUHN, Judge, concurring in part.
Although I agree with the majority's disposition of the issue of the expert testimony, I believe the interest of justice requires us to review the propriety of the trial court's dismissal, with prejudice, of all plaintiff's claims against defendant, Lakeview Regional Medical Center ("Lakeview"). See Louisiana Uniform Rules, Courts of Appeal, Rule 1-3.[1] The majority applies the general rule that appellate courts will not consider issues raised for the first time on appeal, citing as an example Fried v. Bradley, 219 La. 59, 52 So.2d 247 (1950) (and the cases cited therein). I respectfully disagree with the application of that general rule in this case. Because the trial court broadly dismissed all of plaintiff's claims with prejudice, absent appellate review of that dismissal, his claim for bystander damages against Lakeview is no longer a viable one.
Plaintiff's claim for bystander damages is separate and independent from his medical malpractice claim. However, the claim for bystander damages is premised on the underlying medical malpractice claim. Plaintiff failed to provide an expert to support his malpractice claim and his claim for bystander damages. Accordingly, the trial court's dismissal of the bystander claim with prejudice is correct. I concur in the result reached by the majority on the second assignment of error.
NOTES
[1] Judge Jo Ellen Grant is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Notami Hospitals of Louisiana, Inc., d/b/a Lakeview Regional answered Waltston's petition.
[1] Rule 1-3 of the Uniform Rules of the Courts of Appeal, entitled Scope of Review, states:

The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.