818 So.2d 140 (2002)
Peggy Sexton LeBLANC
v.
SUCCESSION OF Joseph R. RAGGIO.
No. 2000 CA 2407.
Court of Appeal of Louisiana, First Circuit.
February 20, 2002.
Writ Denied May 31, 2002.
Alfred B. Shapiro, Baton Rouge, for Plaintiff/Appellant Peggy Sexton LeBlanc.
Arthur I. Robinson, Lafayette, for Defendant/Appellee Westport Insurance Corporation.
*141 Before: CARTER, FOGG, FITZSIMMONS, DOWNING and LANIER[1], JJ.
DOWNING, J.
Peggy Sexton LeBlanc appeals an adverse summary judgment wherein the trial court dismissed her demands at her cost in favor of Westport Insurance Corporation (Westport), a malpractice insurer for Joseph R. Raggio. Concluding that the notice requirement of the claims made policy at issue conflicts with statutory law relating to prescription and legal malpractice, we reverse the judgment of the trial court and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Peggy Sexton LeBlanc filed suit against the succession of her deceased attorney, Joseph R. Raggio, on January 14, 2000 alleging that he committed attorney malpractice to her detriment. She amended the petition on January 24, 2000 to join Westport, Mr. Raggio's malpractice insurer at the time of the alleged incidence of malpractice.[2] This was the first notice Westport had of Ms. LeBlanc's claim.
Westport subsequently filed a motion for summary judgment alleging that it afforded no coverage under its "claims made" policy because Ms. LeBlanc's claims were not made or reported during the covered policy periods. The trial court agreed and entered judgment dismissing Ms. LeBlanc's suit against Westport.
Ms. LeBlanc now appeals alleging as her one assignment of error that the trial court erred in dismissing her suit.

DISCUSSION
We find merit in Ms. LeBlanc's argument. This court has previously ruled that a claims made policy such as the one at bar is in clear violation of statutory law, which prohibits limiting a right of action against an insurer to less than one year. Hedgepeth v. Guerin, 96-1044, p. 14 (La. App. 1 Cir. 3/27/97), 691 So.2d 1355, 1364; Bennett v. Krupkin, 99-2702, p. 5 (La.App. 1 Cir. 12/22/00), 779 So.2d 923, 925. In Hedgepeth this court observed that a claims made policy effectively reduced prescriptive periods such that a claimant has less than one year from the date of the accrual of his or her cause of action to commence an action. Hedgepeth, 96-1044 at p. 14, 691 So.2d at 1364. Accordingly, in Hedgepeth this court concluded that the portions of the policy limiting liability to those claims which occurred and were reported while the policy was in force were "unenforceable and without effect under the facts of [that] case." Id.
Westport's insurance policy provides that coverage will be provided for wrongful acts of an insured attorney only if "the claim is first made during the policy period." *142 However, La. R.S. 22:629 provides, in pertinent part, as follows:
A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state or any group health and accident policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation, or agreement:
. . . .
(3) Limiting right of action against the insurer ... to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.
B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract. (Emphasis added.)
In the instant case, Westport asserts that it cannot be liable under the terms of its policy for claims made after August 6, 1998, the last date Mr. Raggio was covered by their policy. However, since this policy provision limits a right of action against an insurer to less than one year, see Hedgepeth, 96-1044 at p. 14, 691 So.2d at 1364 and Bennett, 99-2702 at p. 5, 779 So.2d at 925, such provision is void under the terms of La. R.S. 22:629.
Westport argues that "claims made" terms of its insurance policy with Mr. Raggio should be enforced because they do not violate public policy. And the law is clear that "claims made" policies do not violate public policy. In Anderson v. Ichinose,[3] 98-2157, p. 1 (La.9/8/99), 760 So.2d 302, 303, the Louisiana Supreme Court solely addressed the following issue: "The particular question is whether the policy's denial of the applicability of coverage, when the professional service occurred within the policy period but the claim was not made or reported until after the policy period expired, violates public policy." After much discussion the Supreme Court concluded that such policies did not violate public policy.
The Anderson court, however, qualified its opinion as follows:
Unless there is a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume. (Emphasis added.)
Anderson, 98-2157 at p. 8, 760 So.2d at 306.
Here we conclude that the terms of Westport's policy regarding when a claim can be made are void because they are in contravention of the statutory provisions of La. R.S. 22:629. Consequently, the prescriptive periods provided by law apply, particularly those in La. R.S. 9:5605, the attorney malpractice prescriptive statute, which provides in pertinent part as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement *143 to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
We review summary judgments de novo, employing the same criteria used by the trial court in deciding whether a summary judgment should be granted. Walston v. Lakeview Regional Medical Center, 99-1920, p. 3 (La.App. 1 Cir. 09/22/00), 768 So.2d 238, 240. A summary judgment motion will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B; Independent Fire Ins. Company v. Sunbeam Corporation, 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226, 230-231.
We conclude Westport has failed to show that it was entitled to judgment as a matter of law. Accordingly we reverse the summary judgment granted by the trial court and remand for further proceedings. Because of the disposition made, we do not consider Ms. LeBlanc's additional argument regarding notice to the insurer through notice to the insured. We pretermit the issue of when notice to an insured satisfies policy requirements of notice to the insurer in the absence of prejudice resulting from the delay in notice.

CONCLUSION
For reasons stated the judgment of the trial court is reversed and this matter is remanded for further proceedings. Costs are taxed to Westport Insurance Corporation.
REVERSED AND REMANDED.
LANIER, J., dissents and assigns reasons.
FITZSIMMONS, J., concurs in part, dissents in part and assigns reasons.
LANIER, J., dissenting.
I agree with the trial court judge that Anderson v. Ichinose, 760 So.2d 302 (La. 1999) is controlling and that a summary judgment should be granted.
FITZSIMMONS, Judge, concurring and dissenting with reasons.
I respectfully concur in the result reached in the majority report that the summary judgment should be reversed. I do not, however, agree with the legal interpretation and conclusion in the opinion that the terms of Westport's insurance policy regarding when a claim can be made are void because they are in contravention of the statutory provisions of La. R.S. 22:629. Instead, I would reverse the summary judgment on the basis of the existence of material issues of fact.
In oral reasons for judgment, the district court stated that it was plaintiff's contention in the motion for summary judgment that the insured was aware that a claim for malpractice could have been brought on February 24, 1997 when the plaintiff's benefits were terminated. My review of the record, however, does not reveal any supportive evidence to demonstrate that assertion. Accordingly, there exists a material issue of fact as to the date on which the cause of action, and basis for the malpractice claim of coverage, arose. In the absence of a demonstration *144 that the insured knew or should have known of his exposure to a malpractice lawsuit during the policy period and up to the statutorily required period of one year following the time of that claim, the malpractice action does not fall within the legally enforceable requirements of a "claims-made" policy. See Anderson v. Ichinose, 98-2157, pp. 9-10 (La.9/8/99), 760 So.2d 302, 307.
In Anderson, after recognizing the enforceability of "claims-made" insurance policies as long as they don't conflict with statutory provisions or public policy, the Louisiana Supreme Court upheld the terms of a policy that limited coverage to professional services for which claims were made during the policy period. As with the Hedgepeth policy, the policy reviewed in Anderson provided that the professional service must have been performed and the claim must first be made while the agreement was in effect. Significant to the court's decision to uphold the provisions of the policy was the fact that "the event that triggered policy coverage did not occur during the policy period." Anderson, 98-2157 at p. 10, 760 So.2d at 307.
There is an outstanding material issue of fact in the case at hand: "the event that triggered policy coverage" would be the insured's awareness of Ms. LeBlanc's potential claim against him if that occurred during the policy period. Therefore, the summary judgment should be reversed.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The record discloses that Ms. LeBlanc settled a personal injury lawsuit apparently sometime in 1996 that was unrelated to Ms. LeBlanc's ongoing workers' compensation action. Mr. Raggio did not confect that settlement, but Ms. LeBlanc asserts he committed malpractice because he knew of the settlement and failed to report it to her employer. Westport provided Mr. Raggio's malpractice insurance from August 6, 1995 to August 6, 1998.

A Worker's Compensation Judge entered a judgment on February 10, 1999 terminating Ms. LeBlanc's right to future compensation because she did not make prior or contemporaneous report of the settlement of the unrelated personal injury suit to her employer as required by La. R.S. 23:1102B. We note this worker's compensation judgment has not been appealed. We also note that this judgment may not be final since the record fails to show service of notice of this judgment as required by La. R.S. 23:1310.5B.
[3] This Circuit referred to Anderson v. Ichinose as Lloyd v. Ichinose in Bennett, 99-2702 at pp. 6-7, 779 So.2d at 926.