SUCCESSION OF LOUIS F. WAGNER.
SUCCESSION OF LEILA MAE CORNAY WAGNER.
No. 2009 CA 0812, Consolidated With No. 2009 CA 0813.
Court of Appeals of Louisiana, First Circuit.
March 30, 2010.
Not Designated for Publication.
T. JAY SEALE, III, PATRICK K. RESO, GLEN R. GALBRAITH, FRANK J. DIVITTORIO, HAMMOND, LA, Counsel for Plaintiff/Appellee, Warren Wagner, Individually and in his Capacity as Succession, Representative of the Succession, of Louis F. Wagner.
MARGARET H. KERN, COVINGTON, LA, Counsel for Defendant/Appellant, Faye L. Wagner, Independent, Executrix of the Succession of Leila Mae Cornay Wagner.
Before: CARTER, C.J., PARRO, GUIDRY, PETTIGREW, and GAIDRY, JJ.
PETTIGREW, J.
In this succession proceeding, Faye L. Wagner, as independent executrix of the succession of Leila Mae Cornay Wagner, appeals from a judgment of the trial court ordering the estate of Leila Wagner to pay the estate of Louis F. Wagner one-half of the total interest that would have been earned on six accounts that remained in the physical possession of Leila Wagner following Louis Wagner's death. For the reasons that follow, we affirm.
Louis and Leila Wagner were married on April 24, 1937, and had two children, Warren and Faye. Following Louis's death on May 22, 2001, Warren filed a petition for probate of his father's last will and testament, which named him as universal legatee and executor of his father's estate.
Thereafter, on October 3, 2001, Leila filed a petition for possession, for return of community assets, and for other relief. In her petition, Leila asserted that all property owned by Louis at the time of his death belonged to the community and that as the surviving spouse, she was entitled to immediate possession of one-half of the assets belonging to the community. Additionally, she listed the following as assets of the community: a Charles Schwab account, gold coins, a Hibernia certificate of deposit, and two bank accounts in her name. Leila also acknowledged that a $100,000.00 certificate of deposit donated to Faye prior to Louis's death was a community asset.
On March 3, 2002, Leila died, leaving her entire estate to Faye. Thereafter, Faye opened her mother's succession with a petition for probate of Leila's last will and testament and was appointed as executrix of Leila's estate. The two successions were later consolidated, although the consolidation order specifically provided they would continue to be administered separately.
Warren and Faye filed several rules and motions in these proceedings regarding the classification of certain properties as being either community or separate in nature and regarding the validity of certain donations made by Louis and Leila to one or the other of their children. Following hearings on April 20, 2004, and December 18, 2004, the trial court rendered judgments as to these issues. Warren and Faye appealed from those judgments. In Succession of Wagner, XXXX-XXXX (La. App. 1 Cir. 8/8/08), 993 So.2d 709, this court affirmed the judgments of the trial court, except for the portion of the trial court's judgment ordering the estate of Leila Wagner to pay interest to the estate of Louis Wagner on all moneys in Leila's possession at the time of her death. This court vacated that portion of the judgment because the trial court failed to set forth the precise rate at which interest was to be paid, and, as to the certificate of deposit, the rate or period of time for which interest was payable, and remanded the matter to the trial court for further proceedings.
On November 26, 2008, the trial court conducted a hearing, whereby Warren and Faye stipulated as to the amounts involved and the applicable rates of interest. The court also entertained argument by counsel on Faye's request for the trial court to reconsider its determination that any interest was due and payable at all. Thereafter, on December 15, 2008, the trial court signed a judgment ordering the estate of Leila Wagner to pay the estate of Louis Wagner one-half of the total interest that would have been earned on each of the six accounts in Leila's possession, at their respective interest rates, from the date of Louis's death, May 22, 2001, until July 11, 2008. The judgment set forth the amounts for each account and their applicable rates of interest. Additionally, the trial court denied Faye's request for reconsideration of whether any interest was due and payable at all. This appeal by Faye followed.
On appeal, Faye argues that the trial court erred in awarding the estate of Louis Wagner interest on all community funds in the possession of Leila at the time of her death and on the certificate of deposit. Alternatively, Faye asserts that if an award of interest was appropriate, it should only have been awarded from the date of the judgment of partition of the community of assets, not from the date of Louis's death.
Following an extensive review of the record and exhibits in this matter, we cannot conclude the trial court was manifestly erroneous in its findings or committed legal error in its application of the law. As previously indicated, the parties stipulated to the community funds at issue and subject to interest. The parties also stipulated to the applicable interest rates. After hearing argument from the parties, the trial court ruled in favor of the estate of Louis Wagner, ordering the estate of Leila Mae Cornay Wagner to pay the estate of Louis Wagner "a certain sum equal to one-half (1/2) of the total interest which would have been earned on the amounts ... at the respective interest rates shown, from the date of death of Louis Wagner, May 22, 2001 and ending July 11, 2008." The estate of Louis Wagner, as co-owner of these various accounts and certificates of deposit at issue, was clearly entitled to its share of the interest that would have been earned on said former community funds. Thus, we find no error in the trial court's ruling, which was reasonable and supported by the record.
Accordingly, we affirm the trial court's judgment and assess all costs associated with this appeal against the appellant, Faye L. Wagner, independent executrix of the succession of Leila Mae Cornay Wagner. We issue this memorandum opinion in compliance with Uniform Rules-Courts of Appeal, Rule 2-16.1(B).
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I respectfully disagree with the majority opinion, finding no manifest error in the trial court's judgment ordering the estate of Leila Wagner to pay the estate of Louis Wagner one-half of the total interest that would have been earned on each of the six accounts in Leila's possession, at their respective interest rates, from the date of Louis' death, May 22, 2001, until July 11, 2008.
Warren Wagner, as succession representative for Louis Wagner's estate, asserts that the succession was entitled to one-half of the interest that the funds in Leila's possession earned or would have earned had they not been liquidated by Faye. As support for this claim, Warren relies on La. C.C.P. art. 3222, which states:
A succession representative shall deposit all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office. [Emphasis added.]
Article 3222 provides that when a succession representative fails to deposit moneys collected by him into a bank account, the succession representative is liable for a penalty, which is to be paid to the succession. However, in the instant case, Warren is not seeking to hold Faye, as succession representative, liable to Leila Wagner's succession for the interest that would have been earned on the funds in Leila's possession at her death. Rather, he is asserting that Leila's failure to turn over the community property in her possession after Louis' death and Faye's subsequent liquidation of these funds as succession representative results in Leila's estate owing Louis' estate for the interest on these amounts. This clearly does not come within the plain language of article 3222.
Accordingly, because Warren failed to establish that Louis Wagner's estate is entitled to interest on the funds retained by Leila under article 3222, and there is no other positive law[1] which would entitle Louis Wagner's estate to such an award, I would find that the trial court erred in awarding Louis Wagner's estate interest on the funds retained by Leila.
NOTES
[1] On appeal, Warren asserts alternatively that Louis Wagner's estate is entitled to interest on the funds retained by Leila under the theory of unjust enrichment. However, Warren did not raise this argument in the trial court. As such, it cannot be considered by this court for the first time on appeal. Uniform Rules, Courts of Appeal, Rule 1-3; Walston v. Lakeview Regional Medical Center, 99-1920, p. 8 (La. App. 1st Cir. 9/22/00), 768 So. 2d 238, 242-243, writ denied. 00-2936 (La. 12/15/00), 777 So. 2d 1229.