779 So.2d 1048 (2001)
Curtis ROBICHEAUX, et al.
v.
Camran G. ADLY, M.D., et al.
No. 00-1207.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
*1050 L. Clayton Burgess, Lafayette, LA, Counsel for Plaintiffs/Appellants, Curtis Robicheaux, et al.
Burleigh G. Doga, Crowley, LA, Counsel for Defendant/Appellee, Camran G. Adly, M.D.
Nicholas J. Sigur, Lafayette, LA, Counsel for Defendant/Appellee, American Legion Hospital d/b/a Pauline Faulk Centre for Behavior Health.
Marc W. Judice, Judice & Adley, Lafayette, LA, Counsel for Defendant-Appellee, Louisiana Medical Mutual Insurance Co. (LAMMICO).
Nicholas Gachassin, Jr., Gachassin & Hunter, Lafayette, LA, Counsel for Defendant/Appellee, Morris Lahasky Nursing Home.
Donald S. Zuber, Seale, Smith, Zuber & Barnette, Baton Rouge, LA, Counsel for Defendant/Appellee, Dauterive Hospital Corporation.
Court composed of Judge THIBODEAUX, Judge PETERS and Judge PICKETT.
THIBODEAUX, Judge.
The plaintiffs/appellants, Curtis Robicheaux, individually and on behalf of/and as natural tutor of the minor child, Kisha Robicheaux; Kelvin Robicheaux, Kirk Robicheaux, and Kasey Robicheaux, appeal the judgment of the trial court granting summary judgment in favor of the defendant/appellee, Louisiana Medical Mutual Insurance Company (hereinafter "LAMMICO"). The Robicheauxs filed a petition for damages against Camran G. Adly, M.D., and American Legion Hospital, Inc., d/b/a The Pauline Faulk Centre for Behavioral Health, for the alleged negligent treatment and misdiagnosis of schizophrenia given to Mrs. Judy Robicheaux. Dr. Adly was insured by LAMMICO under a "claims made" policy during the treatment of Mrs. Robicheaux. LAMMICO did not receive notice of the claim until after the policy had terminated. In response to the claim, LAMMICO filed a motion for summary judgment, maintaining there was no coverage under the terms of the policy. The trial court found that the medical malpractice claim was timely filed against Camran G. Adly, M.D. but was not timely filed against LAMMICO. Thus, the court held that the claim was not covered by the LAMMICO policy and granted LAMMICO's motion for summary judgment. Mr. Robicheaux appeals.
We affirm.

I.

FACTS
On August 16, 1996, the plaintiffs, Curtis Robicheaux, individually and on behalf of/and as natural tutor of the minor child, Kisha Robicheaux; Kelvin Robicheaux, Kirk Robicheaux, and Kasey Robicheaux, (hereinafter "the plaintiffs") filed a petition for damages for the alleged negligent treatment and misdiagnosis of Judy Robicheaux against Dr. Camran Adly, M.D., American Legion Hospital, d/b/a The Pauline Faulk Centre for Behavioral Health, Morris Lahasky Nursing Home, *1051 and Dauterive Hospital Corporation. The plaintiffs contend that Dr. Adly and the American Legion Hospital, Inc., d/b/a The Pauline Faulk Centre for Behavioral Health, failed to properly monitor the treatment rendered by Dr. Adly as well as the effects of the medication administered to Mrs. Robicheaux which resulted in extreme pain and suffering and, ultimately, the premature death of Mrs. Robicheaux.
At the time the plaintiffs filed their petition for damages, Dr. Adly could not be located and a curator ad hoc was appointed to protect his interests. The curator was served with the petition for damages on December 4, 1996. On January 25, 1999, the plaintiffs filed a First Supplemental Petition for Damages naming LAMMICO as a defendant in the case, alleging it was an insurer of Dr. Adly. LAMMICO was served with the Supplemental Petition on February 12, 1999.
Dr. Adly was insured by LAMMICO on a "claims made" basis from January 1, 1995 through January 1, 1996, with a retroactive date of May 7, 1994. Dr. Adly failed to renew his medical malpractice coverage upon its termination on January 1, 1996 and did not purchase a reporting endorsement.
On March 24, 2000, LAMMICO filed a motion for summary judgment. LAMMICO argued that although Dr. Adly treated Mrs. Robicheaux during the policy period, Dr. Adly did not report the claim by the plaintiffs during the policy period. Therefore, since the policy was not renewed and LAMMICO did not receive notice of the claim until after January 1, 1996, there would be no coverage under the terms of the policy.
The trial court granted LAMMICO's motion for summary judgment and it is this judgment that the plaintiffs appeal.

II.

ISSUE
The issue presented for review is whether the trial court erred in granting LAMMICO's motion for summary judgment despite the statutory language of La.R.S. 22:629, Louisiana's Direct Action Statute, precluding an insurer from limiting the prescriptive period in a policy for a period of less than twelve months.

III.

LAW AND DISCUSSION

Standard of Review
As a general principal, appellate courts review summary judgments de novo, under the same criteria which governs the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State Univ., 591 So.2d 342 (La.1991). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).
The burden of production remains with the mover to show that no material issues of fact exist. La.Code Civ.P. art. 966(C)(2). The mover must present supportive evidence that the motion for summary judgment should be granted. Landry v. Fincke, 98-90 (La. App. 3 Cir. 5/20/98), 714 So.2d 826. Once the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden of production shifts to the nonmoving party to present evidence demonstrating the existence of issues of material fact which preclude summary judgment. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.

Coverage Under "Claims Made" Policies
A "claims made" policy is distinguished from an "occurrence" policy as follows:

*1052 With the development of a more complex society, it became more reasonable, particularly with respect to the activities of professionals, to insure against the making of claims, rather than the happening of occurrences, and "claims made" insurance developed to meet a need for professionals to insure against the making of a claim as the insured event, rather than having to struggle with traditional concepts and difficulties inherent in determining whether the "event" insured against was the commission of an act, error or omission or the date of discovery thereof or the date of injury caused thereby.
The major distinction between the "occurrence" policy and the "claims made" policy constitutes the difference between the peril insured. In the "occurrence" policy, the peril insured is the "occurrence" itself. Once the "occurrence" takes place, coverage attaches even though the claim may not be made for some time thereafter. While in the "claims made" policy, it is the making of the claim which is the event and peril being insured and, subject to policy language, regardless of when the occurrence took place.
Sol Kroll, The Professional Liability Policy "Claims Made," 13 Forum 842, 843 (1978).
Thus, a "claims made" insurance policy is one in which coverage attaches only if the negligent harm is discovered and reported within the policy period. Ward v. Vizzini, 94-638 (La.App. 5 Cir. 5/14/97), 695 So.2d 1012, writ denied, 97-2142 (La.11/14/97), 703 So.2d 632. "Where a policy unambiguously and clearly limits coverage to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible." Livingston Parish School Bd. v. Fireman's Fund Am. Ins. Co., 282 So.2d 478, 481 (La.1973). This is in accordance with the general principle that, in the absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract. Anderson v. Ichinose, 98-2157 (La.9/8/99), 760 So.2d 302. However, an insurer cannot limit the prescriptive period in a policy for a period of less than twelve months. La.R.S. 22:629.
LAMMICO issued to Dr. Adly a professional liability policy of insurance, policy number 1-74492, for a period effective from January 1, 1995 through January 1, 1996, with a retroactive date of May 7, 1994. The pertinent policy language reads:
"NOTICEThis is known as a `claims made' policy. Except to the extent as may be provided herein, this coverage is limited to claims first made against the Company while the policy is in force and arising from the performance of professional services subsequent to the retroactive date stated in the declarations page. Please read the policy carefully."
The "Coverage Agreement" for "Coverage AIndividual Professional Liability" provides:
All sums which the insured shall become legally obligated to pay as damages because of injury to which this insurance applies, caused by a medical incident, which occurs subsequent to the retroactive date, and for which claim is first made against the insured and reported to the company during the policy period, the practice of the insured's profession as a physician or surgeon including service by the insured as a member of a formal accreditation, standards review or similar medical professional board or committee.
The language of the policy regarding when LAMMICO considers a claim to be made reads as follows:
A claim for injury shall be considered as being first made at the earlier of the following times:
(a) when the insured first gives written notice to the company that a claim had been made against him, or

*1053 (b) when the insured first gives written notice to the company of specific circumstances involving a particular person which may result in a claim.
Thus, according to the policy language, claims had to be made against the insured, Dr. Adly, and reported to the insurer, LAMMICO, during the policy period between January 1, 1995 and January 1, 1996. Also, Dr. Adly did not choose to purchase an extended reporting endorsement which would have provided coverage for claims which arose during the policy period but were not reported until after the expiration date of the policy.
There is no dispute that LAMMICO issued an insurance policy to Dr. Adly. There is also no dispute that Dr. Adly treated Mrs. Robicheaux during the policy period. The dispute is over "notice" to the company.
There is an apparent conflict between the policy language at issue and applicable statutory law. Further, "[a]n insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy." Block v. Reliance Ins. Co., 433 So.2d 1040, 1044 (La.1983); See also Trevino v. Prudential Ins. Co., 504 So.2d 1179 (La.App. 3 Cir.), writ denied, 506 So.2d 1230 (La.1987).
In this case, the statute at issue is La. R.S. 22:629 which provides in pertinent part as follows:
A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state or any group health and accident policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation, or agreement:
. . . .
(3) Limiting right of action against the insurer to a period of less than twelve months next after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.
B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.
Also, there are other specific provisions of Louisiana law including La.R.S. 9:5628 and La.R.S. 40:1299.45 which are relevant to this case. Time limitations for which a person may file a medical malpractice claim are governed by La.R.S. 9:5628 which provides in pertinent part:
A. No action for damages for injury or death against any physician, ..., whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
La.R.S. 40:1299.45 provides in pertinent part:
A. (1) Only while malpractice liability insurance remains in force ... are the health care provider and his insurer liable to a patient ... for malpractice to the extent and in the manner specified in this Part.
. . . .
C. Any provision in a policy attempting to limit or modify the liability of the insurer contrary to the provisions of this Part is void, except that a provision in a malpractice liability insurance policy approved by the board which limits the aggregate sum for which the insurer *1054 may be liable during the policy period shall be valid.
The clear statutory language quoted in both La.R.S. 9:5628 and La.R.S. 22:629 states that a policy of insurance cannot limit the right of an insured to bring an action to a period of less than one year. Mrs. Robicheaux died on December 6, 1995. The plaintiffs filed their suit against Dr. Adly and the hospital on August 16, 1996. Thus, under La.R.S. 9:5628, the plaintiffs suit was timely brought against Dr. Adly. LAMMICO first received notice of the claim against Dr. Adly on February 12, 1999, when personal service was made on its agent for service of process. LAMMICO received notice of the plaintiffs' claim well over two years after suit was timely brought against Dr. Adly and nearly four years after the death of Mrs. Robicheaux. However, given the facts of this case, the plaintiffs had ample time to bring suit against LAMMICO, Dr. Adly's insurer. Justice Tate, writing for the Louisiana Supreme Court in Livingston, recognized that "claims made" policies may be against public policy in some situations. See Livingston, 282 So.2d at 481, n. 4. A policy provision which effectively reduces the prescriptive period against the insurer to less that the statutorily mandated period is without effect. However, that was not the situation in this case. If the alleged incident occurs within the policy period, and a claim is filed outside of the policy period but within one year of the alleged incident, and the insurer is notified of the claim within one year of the alleged incident, coverage will be afforded under the claims made policy in order to conform to Louisiana law. Hedgepeth v. Guerin, 96-1044 (La.App. 1 Cir. 3/27/97), 691 So.2d 1355, writ denied, 97-1377 (La.9/26/97), 701 So.2d 983; Cf. Gary v. Witherspoon, 98-1810 (La.App. 3 Cir. 6/2/99), 743 So.2d 708.
Therefore, the limitation in the LAMMICO policy was not violative of the provisions of La.R.S. 22:629 because an application of the LAMMICO policy to the particular facts of this case did not serve to impermissibly limit the time in which the plaintiffs could bring a direct action claim against LAMMICO. Summarily, although Dr. Adly's "claims made" policy had a limitation, when the facts of this case are considered, it did not shorten the statutorily mandated period dictated by La. R.S. 9:5628 or La.R.S. 22:629.
Considering the fact that Dr. Adly could not be located when they filed their petition for damages against Dr. Adly, plaintiffs could have amended their petition to name LAMMICO as a defendant at that time. However, the plaintiffs did not amend their petition for damages to include LAMMICO until two years later putting LAMMICO on notice of the claim on February 12, 1999.
The Louisiana Supreme Court has clearly stated that the direct action statute does not extend the protection of the liability policy to risks that were not covered by the policy or were excluded thereby. Anderson, 760 So.2d 302.
The unambiguous terms of the policy in the present case limit coverage to professional services for which claims were made during the policy period. No claim was made against either the insured or the insurer during the policy period, and the insured has no right to coverage under the terms of the policy. Under these circumstances, the Direct Action Statute does not extend any greater right to third party tort victims who were damaged by the insured.
Anderson, 760 So.2d at 307. The plaintiffs have presented no evidence to suggest that LAMMICO had reason to know of the claim against Dr. Adly prior to February 12, 1999 or within a year of the accrual of plaintiffs' cause of action. No evidence has been presented to suggest that Dr. Adly ever notified LAMMICO of a potential claim within the effective policy period or within a year of the accrual of the cause of action. The event triggering coverage in a claims made policy is the making of a *1055 claim. The plaintiffs did not bring a claim within the LAMMICO policy period. Additionally, the plaintiffs did not report the claim to the insurer, LAMMICO, within one year of the date from accrual of the cause of action.

IV.

CONCLUSION
The Louisiana Supreme Court has determined that "claims made" policies whose explicit terms require the reporting or making a claim within the policy period in order for coverage to exist are not contrary to public policy. Anderson, 760 So.2d 302. Plaintiffs have failed to present evidence that a claim was made within the policy period or within a year of the accrual of the cause of action. The LAMMICO policy was effective between January 1, 1995 and January 1, 1996. The plaintiffs first filed a petition for damages against Dr. Adly on August 16, 1996, after the LAMMICO policy had terminated. Further, the plaintiffs did not notify LAMMICO, Dr. Adly's insurer, of the claim until February 12, 1999, well after a violation of Louisiana law or public policy would have occurred.
For the foregoing reasons, the judgment in favor of LAMMICO and against the plaintiffs, Curtis Robicheaux, individually and on behalf of/and as natural tutor of the minor child, Kisha Robicheaux; Kelvin Robicheaux, Kirk Robicheaux, and Kasey Robicheaux, is affirmed. Plaintiffs are ordered to pay all costs of this appeal.
AFFIRMED.