# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**04-86**

**DONALD E. O'BRIEN, ET AL.**

**VERSUS**

**DR. AKBAR RIZVI, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 211,307
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
## ULYSSES GENE THIBODEAUX
### CHIEF JUDGE
**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, C.J., Glenn B. Gremillion, and John B. Scofield[*], Judges.

                                                                    **REVERSED.**

**Elizabeth Erny Foote**
**PERCY, SMITH & FOOTE, LLP**
**720 Murray Street**
**P. O. Box 1632**
**Alexandria, LA 71309-1632**
**Telephone:  (318) 445-4480**
**COUNSEL FOR:**
> **Defendants/Appellants - St. Paul Fire & Marine Insurance Co., Dr. Arthur Carl Plautz, Jr., and CHG Companies, Inc. d/b/a CompHealth**

**Edward P. Sutherland**
**144 Napoleon Street**
**Baton Rouge, LA 70802**
**Telephone:  (225) 343-8024**
**COUNSEL FOR:**
> **Plaintiffs/Appellees - Donald E. O'Brien and Carol O'Brien**

---

[*]Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

THIBODEAUX, Chief Judge.

In this medical malpractice case, the defendants, Dr. Arthur Carl Plautz, Jr., St. Paul Fire and Marine Insurance Company (St. Paul), and CHG Companies, Inc., d/b/a CompHealth, appeal the judgment of the trial court denying their exception of prematurity. The trial court ruled that the defendants were not covered under the Medical Malpractice Act (MMA). The trial court concluded that the claims of Donald E. O'Brien and his wife, Carol O'Brien, were not made in the policy period of the insurance contract and the requisite surcharge payable to the Louisiana Patient's Compensation Fund had been refunded at the time the claims were made. Thus, CompHealth and Dr. Plautz were not qualified health care providers. Consequently, the plaintiffs did not have to go through a medical review panel before bringing suit. We disagree with the trial court and reverse its judgment.

I.

**ISSUE**

The sole issue before this court is whether the defendants were qualified healthcare providers under the MMA, thereby requiring this case to be reviewed by a medical review panel before continuing in state court.

II.

**FACTS**

CompHealth is a staffing company which places physicians in hospital and clinic positions for short-term assignments across the United States. CompHealth placed Dr. Plautz at Veteran's Administration Hospital (VAH) in Alexandria, Louisiana. CompHealth sought qualification with the Louisiana Patient's Compensation Fund (PCF) by purchasing a claims-made professional liability

1

insurance policy through St. Paul and submitting a certificate of insurance to the PCF. The claims-made policy covered claims that were made from February 1, 2001 to February 1, 2002. CompHealth also submitted a check dated February 23, 2001 in the amount of $7,529.00 for a surcharge to the PCF. On March 8, 2001, the PCF issued CompHealth a certificate of enrollment for the period of February 23, 2001 to February 1, 2002.

In February 2002, CompHealth submitted a revised certificate of insurance to the PCF for the period of February 1, 2001 to February 1, 2002, reflecting the actual days worked by CompHealth's physicians in Louisiana. It submitted an additional surcharge due of $8, 575.00. At the same time, CompHealth purchased an extended reporting endorsement or "tail coverage" to extend coverage for claims made beyond the original one-year period and submitted an additional surcharge on the tail coverage in the amount of $28,756.00.

In March 2002, the PCF informed CompHealth that its physicians who were assigned to governmental agencies or who were not licensed in Louisiana could not participate in the PCF. In April 2002, CompHealth requested a refund for surcharges in the amount of $19,850.00 paid to the PCF for physicians who did not qualify. CompHealth received part of the refund on May 9, 2002, and the remainder on September 30, 2002.

The plaintiffs filed suit in state court on December 18, 2002, against Dr. Akbar Rizvi and Dr. Plautz alleging malpractice arising out of medical treatment received by Mr. O'Brien at VAH from April 18, 2001 through January 16, 2002. The plaintiffs did not request a medical review panel before filing suit after they were informed by the PCF that Dr. Rizvi and Dr. Plautz were not qualified under the fund. On March 20, 2003, the plaintiffs amended the state court suit to add two additional

defendants, CompHealth, as the employer of Dr. Plautz, and St. Paul, as the liability insurer of CompHealth and/or Dr. Plautz.

The defendants filed a dilatory exception of prematurity. The district court denied the exception of prematurity in a judgment dated October 29, 2003, ruling that the defendants were not qualified under the MMA, La.R.S. 40:1299.41 *et seq.*, and, therefore, the plaintiffs did not have to go through a medical review panel before bringing their suit in state court. Thereafter, this appeal was filed.

III.

## LAW AND DISCUSSION

### *Standard of Review*

"Appellate review of a question of law is simply a decision as to whether the [trial] court's decision is legally correct or incorrect." *Jim Walter Homes, Inc. v. Jessen*, 98-1685, p. 5 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 702. "If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court." *Id.* (citing *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983)). When an appellate court finds that a reversible error of law was made in the trial court, it must review the facts *de novo* and render a judgment on the merits. *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993).

### *Prematurity*

Louisiana Code of Civil Procedure Article 926 provides for the dilatory exception of prematurity. "[The exception of prematurity] is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider." *Spradlin v. Acadia-St. Landry Med. Found.*, 98-1977,

3

p. 4 (La. 2/29/00), 758 So.2d 116, 119. "If an action against a health care provider covered by the Act has been commenced in a court of law and the complaint was not first presented to a medical review panel, an exception of prematurity must be maintained, and the plaintiff's suit must be dismissed." *Bennett v. Krupkin*, 00-23, p. 6 (La.App. 1 Cir. 3/28/02), 814 So.2d 681, 685, *writ denied*, 02-1208 (La. 6/21/02), 819 So.2d 338. Therefore, this court must determine whether Dr. Plautz and/or CompHealth were covered by the MMA as qualified health care providers.

### *Waiver of Exception of Prematurity*

The plaintiffs argue that the defendants waived the exception of prematurity because they made a general appearance before the exception was filed. We decline to address plaintiffs' argument raised in their brief wherein they contend that the trial court erred in not addressing the claim of waiver of exception of prematurity. Because the plaintiffs did not formally answer the appeal, as required by La.Code Civ.P. art. 2133, they are not entitled to the relief requested.

### *Medical Malpractice Act*

The purpose of the MMA is set forth in *Bennett*, 814 So.2d at 685-86:

> The Medical Malpractice Act confers upon qualified health care providers two principal advantages in actions against them for malpractice. First, the liability of a qualified health care provider for all malpractice claims for injuries to or death of any one patient may not exceed $100,000, and the total amount recoverable from all defendants and the PCF for all malpractice claims for injuries to or death of any one patient, exclusive of future medical care and related benefits, may not exceed $500,000, plus interest and costs. LSA-R.S. 40:1299.42(B). Second, as stated above, no action for malpractice against a qualified health care provider or his insurer may be commenced in a court of law before the complaint has been presented to a medical review panel and the panel has rendered its expert opinion on the merits of the complaint, unless the parties agree to waive this requirement. LSA-R.S. 40:1299.47(A); *Dunn [v. Bryant]*,

4

96-1765 [, pp. 5-6 (La.App. 1 Cir. 9/19/97), 701 So.2d 696, 699].

> Health care providers may take advantage of these benefits only if they qualify under the Act by meeting certain statutory requirements as set forth in LSA-R.S. 40:1299.42(A). These benefits are bestowed on health care providers as long as they remain qualified under the Act. LSA-R.S. 40:1299.45(A). The burden is on a defendant to prove prematurity and initial immunity from suit as a qualified health care provider under the Medical Malpractice Act. *Dunn*, 96-1765 at p. 6, 701 So.2d at 699.

### *Qualification under MMA*

Louisiana Revised Statutes 40:1299.42 sets forth the requirements for a health care provider seeking to qualify under the MMA as follows:

> A. To be qualified under the provisions of this Part, a health care provider shall:
>
> (1) Cause to be filed with the board proof of financial responsibility as provided by Subsection E of this Section.
>
> (2) Pay the surcharge assessed by this Part on all health care providers according to R.S. 40:1299.44.
>
> (3) For self-insureds, qualification shall be effective upon acceptance of proof of financial responsibility by and payment of the surcharge to the board. Qualification shall be effective for all others at the time the malpractice insurer accepts payment of the surcharge.

Subsection E of this section provides, in part, that:

> (1) Financial responsibility of a health care provider under this Section may be established only by filing with the board proof that the health care provider is insured by a policy of malpractice liability insurance in the amount of at least one hundred thousand dollars per claim with qualification under this Section taking effect and following the same form as the policy of malpractice liability insurance of the health care provider[.]

Thus, to qualify under La.R.S. 40:1299.42, a health care provider must file the type of proof of financial responsibility described in Subsection E and pay the annual PCF surcharge.

5

### *Proof of Financial Responsibility*

The first prong of the statute required CompHealth to file proof of financial responsibility by obtaining a malpractice liability policy. CompHealth purchased a policy of professional liability insurance through St. Paul on a claims-made basis, effective February 1, 2001 to February 1, 2002, with limits of $100,000.00 per claim. "[A] 'claims made' insurance policy is one in which coverage attaches only if the negligent harm is discovered and reported within the policy period." *Robicheaux v. Adly*, 00-1207, p. 4 (La.App. 3 Cir. 1/31/01), 779 So.2d 1048, 1052. However, if tail coverage is purchased on a claims-made insurance policy, coverage is provided for claims which arise during the policy period, but were not reported until after the expiration date of the policy. *Id*. at 1053. On February 27, 2002, CompHealth purchased tail coverage through St. Paul for the period of February 1, 2001 to February 1, 2002. CompHealth submitted a certificate of insurance dated February 1, 2002 and the necessary surcharge on the tail coverage in the amount of $28,756.00 to the PCF. Although the claim in this case was not filed until December 18, 2002, this tail policy provided coverage for malpractice occurring between February 1, 2001 and February 1, 2002, regardless of when the claim was made. Therefore, we conclude that CompHealth and Dr. Plautz satisfied the first prong of La.R.S. 40:1299.42 by purchasing tail coverage which covered the claim filed on December 18, 2002.

## Payment of Surcharge

CompHealth paid a surcharge on the original policy on February 23, 2001. It also paid a revised surcharge for the original policy and a surcharge on the tail coverage on February 27, 2002. However, CompHealth requested a partial refund of the surcharge paid to the PCF, in the amount of $19,850.00, when it was informed by the PCF that its physicians working in government facilities or who did not have licenses to practice in Louisiana did not qualify for PCF coverage. CompHealth received part of the refund on May 9, 2002, and the remainder on September 30, 2002. The plaintiffs claim that CompHealth and Dr. Plautz were not qualified under the MMA because the second prong of the statute was not met, *i.e.*, that CompHealth had not paid a surcharge to cover the period during which they filed their claim because the surcharge was refunded at the time the claim was filed.

In *Bennett*, 814 So.2d at 686-87, the court, in interpreting La.R.S. 40:1299.42(E)(1), determined that "once a health care provider has qualified under the [MMA], the health care provider's qualification under the Act is concurrent with the coverage under the underlying insurance policy, *i.e.*, qualification takes effect and follows the same form as the policy of insurance." We agree with the first circuit.

Louisiana Revised Statutes 40:1299.42 (A)(3) states that qualification, other than for self-insureds, is effective at the time the malpractice insurer accepts payment of the surcharge. In this case, St. Paul accepted payment of the surcharge on the original policy in February 2001, and accepted the surcharge on the tail coverage on February 27, 2002. Thus, CompHealth and Dr. Plautz were qualified as of February 2001. The underlying insurance policy was extended by tail coverage for an unlimited amount of time. Thus, qualification continued as long as the underlying tail coverage continued, which was for an unlimited time encompassing the time when this claim was filed. Moreover, in *Abate v. Healthcare International, Inc.*, 560 So.2d

7

812, 813 (La.1990), the supreme court held that the MMA "does not provide coverage to health care providers who fail to [initially] qualify prior to the commission of the tortious conduct[.]" In this case, it is undisputed that Dr. Plautz and CompHealth were qualified under the MMA prior to the alleged malpractice and at the time of the alleged tortious acts of malpractice. The fact that the PCF retroactively disqualified CompHealth and Dr. Plautz after it issued a certificate of enrollment and after CompHealth paid the surcharge does not affect CompHealth's and Dr. Plautz's qualification.

We find no merit in the plaintiffs' argument that CompHealth had not paid a surcharge. Therefore, we conclude that the trial court committed legal error when it determined that CompHealth and Dr. Plautz were not covered under the MMA because the surcharge was refunded.

IV.

**CONCLUSION**

For the above reasons, the judgment appealed from is reversed. Costs of this appeal are assessed to the plaintiffs, Donald E. O'Brien and Carol O'Brien.

**REVERSED**.

8