# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-30171

In the matter of: WHITAKER CONSTRUCTION COMPANY, INC.,

Debtor.

ST. PAUL FIRE & MARINE INSURANCE CO.,

Appellee,

v.

WHITAKER CONSTRUCTION CO.,

Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-cv-1595

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Whitaker Construction Co. (Whitaker) filed claims under insurance policies issued by Appellee St. Paul Fire & Marine Insurance Co. (St. Paul). Whitaker appeals the district court's ruling that policy provisions foreclosing its claims do not violate Louisiana law and are therefore binding. We affirm.

## I. BACKGROUND

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

St. Paul issued five one-year insurance policies ("the policies") to Whitaker for the calendar years 1998 through 2002 respectively. These policies protected Whitaker from financial losses resulting from the dishonesty of its employees.

After filing for bankruptcy in 2003, Whitaker learned that one of its employees, Michael Hutcheson, had embezzled over $500,000 from Whitaker by forging checks on Whitaker's account over a period of several years. Whitaker filed claims under the policies seeking to recover its losses. Of the $500,000 lost, St. Paul paid Whitaker $110,000 under the 2002 policy, but refused to pay under any of the prior policies. Whitaker sued. Of primary focus in the ensuing litigation was a provision common to the four pre-2002 policies, which reads:

> We'll apply this agreement to covered losses that happen while this agreement is in effect. And you have up to one year after this agreement ends to discover the loss.

Because it was, and still is, undisputed that Whitaker did not discover its losses until November 2003, St. Paul filed for summary judgment in the bankruptcy court, arguing, inter alia, that Whitaker's losses were not covered under the pre-2002 policies because Whitaker failed to timely discover them. For example, St. Paul argued that Whitaker's 1999 losses were not covered because Whitaker failed to discover Hutcheson's 1999 acts of embezzlement during that calendar year or within one year after the 1999 policy expired.

Whitaker responded that this reading of the discovery provisions would render them illegal under Louisiana Revised Statutes § 22:629, which invalidates any insurance provision limiting the time within which an action may be brought against the insurer—i.e., the "prescriptive period"—to less than one year after a cause of action accrues. The bankruptcy court agreed with Whitaker; accordingly, under § 22:629(C),[1] it disregarded the discovery provisions, thereby rendering Whitaker's losses covered under the revised terms.

---

[1] "Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."

The district court reversed, concluding that the discovery provisions do not violate § 22:629, and therefore Whitaker's tardy discovery of its losses disqualified those losses from coverage.

For its part, St. Paul argued that because none of Whitaker's losses triggered coverage, it is entitled to return of the $110,000 it unnecessarily paid Whitaker under the 2002 policy. The district court, noting that St. Paul failed to raise the argument previously, remanded the issue to the bankruptcy court for a determination of whether, as a "court of equity," it believed St. Paul was entitled to reimbursement notwithstanding the tardiness of its argument.

Before this court, Whitaker argues that: (1) the district court erred in ruling that the policies do not violate § 22:629; and (2) under the Bankruptcy Code, 11 U.S.C. § 108(a), the time within which it could file a claim under the 2001 policy was extended by operation of law to two years from the bankruptcy court's order of relief, thereby making timely Whitaker's claim for losses incurred in 2001. Further, St. Paul argues on appeal that it is entitled to recoupment of its 2002 policy payment to Whitaker.

## II. DISCUSSION

### A. Legality of the Discovery Provisions

The policy provision common to the four pre-2002 policies reads:

> We'll apply this agreement to covered losses that happen while this agreement is in effect. And you have up to one year after this agreement ends to discover the loss.

Louisiana courts have described the type of policies at issue here as "discovery policies," the hallmark of which is a requirement that the insured not only suffer the claimed loss during the policy term but also discover that loss during the policy period or within a limited time after the policy expires. See, e.g., Livingston Parish Sch. Bd. v. Fireman's Fund Am. Ins. Co., 282 So. 2d 478, 481 (La. 1973).

Louisiana Revised Statutes § 22:629(B) provides in relevant part that:

> No insurance contract . . . issued . . . in this state . . . shall contain any condition . . . or agreement limiting [the] right of action against the insurer to a period of less than . . . one year from the time when the cause of action accrues . . . .

Whitaker argues that because it was barred under the policies from filing suit upon discovery of its losses in November 2003, the discovery provisions are necessarily illegal. We disagree.

Discovery provisions are not categorically impermissible. The Louisiana Supreme Court has held that "[w]here a policy unambiguously and clearly limits coverage to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible." Livingston Parish, 282 So. 2d at 481. Relying on case law such as Livingston Parish, we have held that policy provisions of the type involved here are not inherently violative of § 22:629. See Scarborough v. Travelers Ins. Co., 718 F.2d 702, 712 (5th Cir. 1983) (holding a claims-made provision permissible under § 22:629). Louisiana case law subsequent to our holding in Scarborough has confirmed that provisions in claims-made[2] policies that do not have the practical effect in a given case of establishing a prescriptive period of less than one year should be upheld. Anderson v. Ichinose, 98-2157 (La. 09/10/99); 760 So. 2d 302; Regions Bank v. Kountz, 05-1106 (La. App. 3 Cir. 05/31/06); 931 So. 2d 506; Robicheaux v. Adly, 00-1207 (La. App. 3 Cir. 02/01/01); 779 So. 2d 1048.

For example, in Robicheaux, the Louisiana appellate court addressed whether an insured who failed to timely file a claim with the insurer under a claims-made policy was entitled to coverage by operation of § 22:629. After noting that the legality of claims-made policies under § 22:629 turns on the effect

---

[2] We reject Whitaker's argument that case law addressing claims-made policies are inapposite to this appeal. Discovery policies are treated by Louisiana courts as a type of claims-made policy, and thus have treated the two labels as interchangeable in contexts such as the present. See, e.g., Livingston Parish, 282 So. 2d at 481; Hedgepeth v. Guerin, 96-1044, p. 5 (La. App. 1 Cir. 03/27/97); 691 So. 2d 1355, 1359. Thus, the principles announced in Louisiana case law with regard to claims-made policies are applicable here.

of the timeliness provision in a given case, the court concluded that the policy at issue was not violative of § 22:629 because the insured had waited until more than one year post-injury to file a claim, thereby making the operation of the claim-filing obligation permissible. As the court explained:

> If the alleged [injury] occurs within the policy period, and a claim is filed outside of the policy period but within one year of the alleged incident, and the insurer is notified of the claim within one year of the alleged incident, coverage will be afforded under the claims made policy in order to conform to Louisiana law.

Id. at 1054. However, the court distinguished the scenario before it:

> The event triggering coverage in a claims made policy is the making of a claim. The plaintiffs did not bring a claim within the . . . policy period. Additionally, the plaintiffs did not report the claim to the insurer . . . within one year of the date from accrual of the cause of action.

Id. at 1054-55 (emphasis added). The court thus concluded that the policy did not violate § 22:629. Id. at 1054. In other words, because the plaintiffs did not report a claim to the insurer within one year of accrual, the policy limitation did not have the effect of providing to them less than one year to file suit; the plaintiffs were more than a year late anyway. See also Regions Bank v. Kountz, 05-1106, pp. 17-18 (La. App. 3 Cir. 05/31/06); 931 So. 2d 506, 517 (Because the given "claim was made . . . long after the end of the policy term and more than sixty . . . days thereafter as well as more than a year after the date of the wrongful act . . . the policy language did not impermissibly limit the statutory time granted to assert the claim" (emphasis added)).[3]

---

[3] One Louisiana court has stated that after the Louisiana Supreme Court's decision in Anderson, which dealt with a different provision, this "effects test" has been thrown into question and that such claims-made provisions are now categorically permissible regardless of how they operate in context. Burns v. CLD, Inc., 38-998 (La.App. 2 Cir. 10/27/04); 886 So. 2d 607. However, the other Louisiana circuit courts to have addressed the issue have rejected this view of Anderson and have continued to apply the case-specific approach. See Kountz, 931 So. 2d at 515; LeBlanc v. Succession of Raggio, 00-2407, pp. 4-6 (La.App. 1 Cir. 02/20/02); 818 So. 2d 140, 143.

Applying Louisiana law to the facts of this case, the discovery provisions do not violate § 22:629 so long as they did not have the effect in this instance of limiting to less than one year post-accrual the time within which Whitaker could sue under a given policy. The discovery provisions here had no such impermissible effect. Central to this conclusion is our understanding of when Whitaker's causes of action "accrued" under Louisiana law.

Whitaker relies on the premise that its causes of action against St. Paul accrued when Whitaker discovered its losses, not when it suffered them. Using Whitaker's reasoning, then, the discovery provisions had the practical effect of giving Whitaker no prescriptive period, much less one year, within which to bring its claims or file suit because its attempt to sue on its losses immediately after discovering them met with dismissal. The district court soundly rejected this argument.

Case law on which Whitaker relies in arguing that its causes of action accrued upon discovery of its losses—decisions such as Cole v. Celotex Corp., 620 So. 2d 1154 (La. 1993)—are primarily those in which Louisiana courts have applied the doctrine of contra non valentem, which delays commencement of the prescriptive period "where the cause of action is not known or reasonably knowable by the plaintiff." Id. at 1156. This doctrine represents an equitable exception in that it requires the plaintiff invoking it to "show that he did not know or discover such facts [giving rise to the cause of action,] and that the lack of knowledge is not attributable to his fault." Bell v. Kreider, 03-300, p. 7 (La. App. 5 Cir. 09/16/03); 858 So. 2d 58, 62 (quoting Hosp. Serv. Dist. No. 1 of Jefferson Parish v. Alas, 94-897, p. 9 (La. App. 5 Cir. 6/28/95), 657 So. 2d 1378, 1383).

In its briefing, Whitaker does not attempt to argue that it qualifies for the benefit of contra non valentem; indeed, it fails to even expressly invoke the doctrine. Instead, Whitaker's position appears to be that a failure to discover a loss renders that loss "unknowable" for tolling purposes without application of

a specific equitable tolling doctrine. That proposition is without support in Louisiana law. Indeed, Louisiana courts have declared quite the opposite: "Mere unawareness of a potential cause of action is not enough to invoke contra non valentum." Bell, 858 So. 2d at 63; see also Hospital Serv., 657 So. 2d at 1383 (stating that a plaintiff "will be deemed to know that which he could have learned from reasonable diligence"). It follows that if contra non valentem is an equitable exception, and Whitaker fails to show that it is entitled to the benefit of that exception, the default accrual standard applies.

"Under Louisiana law, '[a] cause of action accrues when a plaintiff may bring a lawsuit.'" Grenier v. Med. Eng'g Corp., 243 F.3d 200, 203 (5th Cir. 2001) (quoting Brown v. R.J. Reynolds Tobacco Co., 52 F.3d 524, 526-27 (5th Cir. 1995)); Prejean v. Dixie Lloyds Ins. Co., 94-2979, p. 3 (La. 09/15/95); 660 So. 2d 836, 837 (La. Sept. 15, 1995) ("In Louisiana, a cause of action accrues when a party has a right to sue."). Assuming generously that Whitaker suffered all of its losses on the last day of the most recent policy term at issue—the 2001 policy term—Whitaker did not seek indemnification for those losses until more than one year thereafter. Under the terms of the polices, then, Whitaker was allowed one year after its causes of action accrued to claim its losses, or commence an action for coverage. Thus, the discovery provisions did not impermissibly limit Whitaker's prescriptive period, and they therefore do not violate § 22:629.

B. Alleged Extension to File a Claim under 11 U.S.C. § 108(a)

Whitaker next argues that even if the policies do not offend Louisiana law, 11 U.S.C. § 108(a) of the Bankruptcy Code extended the time for it to file a claim under the 2001 policy. Whitaker failed to raise this argument below; therefore, it is waived. See ICEE Distribs. v. J&J Snack Foods Corp., 325 F.3d 586, 595 n.29 (5th Cir. 2003).

C. St. Paul's Recoupment Argument

Unlike the other policies, the 2002 policy covered only losses Whitaker suffered and discovered during the policy term. Whitaker stipulated below that

it did not discover any of its losses until November 2003. Nevertheless, before commencement of this litigation, St. Paul paid Whitaker $110,000 under the 2002 policy.

Believing that the 2002 policy was never triggered, St. Paul argued in its appellate brief that it is entitled to recoup the $110,000 it unnecessarily paid. The district court refused to address this argument, a decision St. Paul initially challenged before this court even though it did not file a cross-appeal. St. Paul's failure to file a cross-appeal deprives this court of jurisdiction to address the issue. Miller v. Butcher Distribs., 89 F.3d 265, 267 (5th Cir. 1996) ("The failure to file a cross-appeal in a timely manner as mandated by Rule 4 of the Federal Rules of Appellate Procedure" precludes an appellee's attack on a lower court's order). Indeed, at oral argument St. Paul conceded that this issue is not properly before us. We therefore do not address it.

The judgment of the district court is AFFIRMED.